UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| IMMARA ROBINSON, | |
|---|---|
| Petitioner, | |
| v. | CAUSE NO.: 3:18-CV-743-RLM-MGG |
| WARDEN, | |
| Defendant. | |

## OPINION AND ORDER

Immara Robinson, a prisoner without a lawyer, filed a habeas petition challenging a disciplinary proceeding (WCC 18-3-356) at the Westville Correctional Facility in which a disciplinary hearing officer found Mr. Robinson guilty of possessing a deadly weapon in violation of Indiana Department of Correction Offense 106. He was sanctioned with the loss of thirty days earned credit time.

Mr. Robinson argues that he is entitled to habeas relief because the hearing officer lacked sufficient evidence to find him guilty. He says he couldn't have put the shank in the utility box from inside the cell due to the size of the utility box and shank as well as his limited access. He says he couldn't have placed the shank in the utility box from outside the cell due to shackles and that he couldn't have had access to a shank because he was searched numerous times. He states that the video evidence didn't show when correctional staff found the shank and there are no photographs of the shank in the utility box.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard,

> requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

Webb v. Anderson, 224 F.3d 649, 652 (7th Cir. 2000).

Under departmental policy, Offense 106 is defined as the possession or use of any dangerous or deadly weapon. The administrative record includes a conduct report in which a correctional officer represents that he found an improvised weapon inside the gray utility box outside Mr. Robinson's cell during security rounds. It also includes a photograph of the shank and a video recording of the area outside Mr. Robinson's cell when the shank was found, though this recording isn't particularly helpful due to its low picture quality and frame rate. Though this evidence may be less than conclusive, it suggests that Mr. Robinson came into possession of a shank and placed it in the utility box, so it constitutes some evidence that Mr. Robinson possessed a dangerous weapon. Therefore, the claim that the hearing officer lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Because Mr. Robinson hasn't asserted a valid claim for habeas relief, the habeas petition is denied. Mr. Robinson doesn't need a certificate of appealability to appeal this decision because he is challenging a prison disciplinary proceeding, See Evans v. Circuit Court, 569 F.3d 665, 666 (7th Cir. 2009), but he can't proceed in forma pauperis on appeal because the court finds pursuant

to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Immara Robinson leave to proceed in forma pauperis on appeal.

SO ORDERED on July 8, 2019

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT